Dear Mr. Brooks,
You ask if an elected police juror may also hold two employments with the school board, specifically, that of parish school maintenance employee and parish school bus driver.
At the outset, please note that the number of positions held has, in general, no bearing on whether a violation of our state's dual officeholding and dual employment laws exists.
Under the Louisiana Dual Officeholding and Dual Employment Laws, R.S.42:61; et seq., the police jury and the school board are two separate local political subdivisions. See R.S. 42:62(9).[1] While the law prohibits one from holding local elective office and employment in the same political subdivision, the law does not prohibit one from holding elective office and employment in a separate political subdivision. See R.S. 42:63(D).[2] Thus, a police juror may hold both employments with the school board, provided that one of the employments is held on a part-time basis. A full-time employee of the school board is prohibited from holding a second full-time employment in the same political subdivision, but a full-time employee may hold a part-time position in the same political subdivision. See R.S. 42:63(E) and R.S. 42:62(4) and (5).[3]
Finally, we attach Attorney General Opinions 80-896, 81-88, 85-247, 82-834, 87-376 and 90-209 in support of our conclusion.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] R.S. 42:62(9) states:
(9) "Political subdivision" means a parish, and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part., mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
[2] R.S. 42:63(D) states"
D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
[3] R.S. 42:63(E) and R.S. 42:62(4) (5) provide, respectively:
E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
* * * * *
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.
OPINION NUMBER 80-896
November 26, 1980
92-A-2(K) — Retirement — School Board Employees Retirement System; Act 672 of 1977; R.S. 17:896 Under Act 672 of 1977 and existing retirement law, a school teacher could not also be a school bus driver. A retired teacher may be employed as a school bus driver. State school employees are required to be members in the state retirement system.
Mr. Donald W. Garrett Superintendent Winn Parish School Board Post Office Box 430 Winnfield, Louisiana 71483
Dear Mr. Garrett:
This is in response to your request for an opinion of this office on the following questions:
 "(1) Can a person be employed as a school teacher and a school bus driver at the same time?
 (2) Can a retired teacher that is receiving retirement benefits be employed as a chool bus driver?
 (3) Can a school bus driver choose not to belong to the Louisiana School Employees' Retirement System?"
In regard to your first two questions, please find enclosed Attorney General Opinion Number 77-1109. In that opinion this office concluded that Act 672 of 1977 prohibited the holding of two or more jobs where, as a condition of employment, an employee was required to be a member in two or more public retirement systems. Since a school teach and a bus driver were required to be members of two different public retirement systems, the opinion asserted that an employee could not be employed at the same time as a teacher and a bus driver.
Consistent with the above, it is our opinion that since a retired teacher is no longer employed by the school system, he may be employed as a school bus driver and still receive his retirement benefits pursuant to the State Teachers' Retirement System.
In response to your third question, LSA-R.S. 17:896 requires compulsory membership in the State School Employees' Retirement System for those persons employed after August 1, 1962. Revised Statute 17:896 reads as follows:
 All persons who become employees, as defined in R.S. 17:882, on or after August 1, 1962, may become members of this system during the first ninety calendar days immediately following the date of employment, and shall become members on the ninety-first calendar day following the date of employment as a condition of thier employment. All employees who were employed prior to August 1, 1962, shall be governed by and have the benefit of all existing applicable laws.
Trusting this will serve in response to your inquiry we remain.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: __________________________ CHARLES L. PATIN, JR. ASSISTANT ATTORNEY GENERAL
CLP, JR:vb Enclosure
OPINION NUMBER 81-88
January 28, 1981
101 — SCHOOLS AND SCHOOL DISTRICTS — Bus Drivers, Custodians, Cafeteria Workers.
78 — OFFICERS — Dual Office Holding. A bus driver employed by a parish public school system may also be a substitute teacher in that school system.
James E. Kennison Superintendent Pointe Coupee Parish Public School System Post Office Drawer 579 New Roads, Louisiana 70760
Dear Mr. Kennison:
We are in receipt of your letter of January 19, 1981, which requests an opinion, whether a substitute teacher may also operate a school bus for Pointe Coupee Parish. The under-signed has been assigned o respond to your inquiry.
The only specific limitation placed on bus drivers regarding their involvement in another capacity with the educational system is provided in R.S. 17:428. R.S. 17:428 prohibits bus drivers from becoming members of the school board by which they are employed if that parish has a population over 16.000.
There is a general limitation placed on all employees of the state or any political subdivision thereof prohibiting these employees from dual employment by that state or any political subdivision thereof. R.S.42:63(E) provides:
 "No person holding a full time appointive office or full time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full time appointive office or full time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
R.S. 42:62 provides:
 "Full time means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work."
A substitute teacher is not a full time employee, therefore, it is the opinion of this office that an individual may both drive a school bus and be a substitute teacher.
Trusting we have answered your inquiry, I am,
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: ________________________ Janice B. Unland Staff Attorney
JBU:cbg
OPINION NUMBER 85-247
March 25, 1985
4 . . . ASSESSORS 78 . . . OFFICERS — DUAL OFFICE HOLDING 88 . . . POLICE JURIES — IN GENERAL
R.S. 42:63(D) specifically prohibits a member of the parish governing authority from holding office or employment with the assessor. The position of police juror and school board employee are not incompatible.
R.S. 42:63(D)
Honorable E. J. Francise President Iberville Parish Police Jury Post Office Box 389 Plaquemine, Louisiana 70765
Dear Mr. Francise:
You have stated that a member of the Iberville Parish Police Jury is both an employee of the Assessor and the Iberville Parish School Board. Your question is whether it is legal for the juror to hold such offices or employments.
R.S. 42:63(D) specifically prohibits a member of a parish governing authority from holding office or employment with the Assessor. The positions of police juror and school board employee are not incompatible, however.
As to whether it would be legal for such police juror to vote on an assessor's salary fund increase, that issue may have ethical implications and should be addressed to the Commission of Governmental Ethics.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: ________________________ KENNETH C. DJEAN Chief Counsel
KCD:lg
OPINION NUMBER 82-834
December 15, 1982
78 — OFFICES — DUAL OFFICEHOLDING An elected police jury member may concurrently hold employment in the school board. R.S. 42:63(D)
Hon. Maxie McGraw Secretary-Treasurer St. John the Baptist Parish Police Jury P.O. Box 359 LaPlace, Louisiana 70068
Dear Mr. McGraw:
Your inquiry of recent date addressed to Attorney General, William J. Guste, Jr., has been directed to me for attention and reply.
You ask the following question:
 May a School Board employee also hold a seat on the Policy Jury?
Under the provisions of R.S. 42:62(9) of the Louisiana Dual Officeholding and Dual Employment Law a school board and police jury are separate local political subdivisions.
R.S. 42:63(1) would prevent an elected member of the police jury from holding at the same time employment in the government of the state or with the police jury. Therefore, since the school board is a separate politcal subdivision from that of the police jury, a member of the police jury may concurrently hold employment with the school board.
If you have any further questions in this regard, please contact our office.
Sincerely yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: __________________________ HARRY H. HOWARD ASSISTANT ATTORNEY GENERAL
HHH/jh
OPINION NUMBER 87-376
78 — Officers — Dual Officeholding
School bus driver in a parish school system may concurrently hold office as a member of the police jury of the same parish.
R.S. 42:63 D
Mr. Donald Blanchard 1370 Parkway Drive Port Allen, Louisiana 70767
Dear Mr. Blanchard:
Your inquiry of recent dated addressed to Attorney General William J. Guste, Jr. has been directed to me for attention and reply.
I understand your question to be as follows:
 Whether a person employed as a school bus driver for the West Baton Rouge Parish School Board might run for the Office of Police Jruor of West Baton Rouge Parish and if elected continue to hold both positions.
Under R.S. 42:62 of Louisiana's Dual Officeholding and Dual Employment Law the Police Jury and School Board are two separate local political subdivisions. (R.S. 42:62 (9)). R.S. 42:63 D provides in effect that a person holding an elective office in a local political subdivision may hold full-time or part-time employment in another local political subdivision of this state.
Therefore, it is the opinion of our office that under Louisiana's dual officeholding law a person employed as a bus driver in a parish school district may concurrently office as a member of the police jury of the same parish.
If you have any further questions regarding this matter please contact our office.
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: _______________________________ HARRY H. HOWARD SPEC. ASST. ATTORNEY GENERAL
HHH/jg
OPINION NUMBER 90-209
May 25, 1990
78 — Officers — Dual Officeholding
Elected councilman may concurrently serve as a contract bus owner/ operator for parish school board whether as an employee of the school board or as an independent contractor. R.S. 42:62(3); R.S. 42:63D
Mr. Gabe Mathiew 209 St. John Kaplan, Louisiana 70548
Dear Mr. Mathiew:
Your inquiry of recent date addressed to Attorney General William J. Guste, Jr. through the Office of Secretary of State has been directed to me for attention and reply.
I understand your question to be as follows:
 May an elected municipal councilman continue to serve as a contract bus owner/operator for the local school board?
You suggest that federal, state, and school board funds may be involved. However, the funds you mention, per se, would not be determinant criteria in the application of Louisiana's Dual Officeholding and Dual Employment Law. (R.S. 42:61 et seq.)
Under the dual officeholding law the municipality in which the councilman is elected and the parish school board are separate local political subdivisions. (R.S. 42:62(9))
From your letter it appears that the councilman is an independent contractor with the parish school board and not an employee of the parish school board; however, even if the individual were an employee of the school board his employment would not be in the government of the state or in the same political subdivision in which he holds an elected office.
R.S. 42:63D is quoted in pertinent part as follows:
 No person holding an elective office in a political subdivision of this state shall at the same time hold an elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state or in the same political subdivision in which he holds an elective office. . . . (Underlining ours)
Therefore, it is the opinion of our office that an elected councilman for a municipal governing authority may concurrently hold employment (even if it is endeed considered as such) as a contract bus owner/operator with the local parish school board.
I trust the above will satisfy you inquiry, but if you have any further questions regarding this matter please contact our office.
Sincerely,
 HARRY H. HOWARD Spec. Assist. Attorney General
HHH/jg